Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
CESAR PORTILLO, NORMA LORENA SAGASTUME, ROMEO UMANA, and YAKELIN KARINA CARRANZA, individually and on behalf of all others similarly situated,

                     Plaintiffs,

   -against-

NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT, ANJU KATHURIA and BOBBY KATHURIA, as individuals,

                     Defendants.
-------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **CESAR PORTILLO, NORMA LORENA SAGASTUME, ROMEO UMANA, and YAKELIN KARINA CARRANZA individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **CESAR PORTILLO, NORMA LORENA SAGASTUME, ROMEO UMANA, and YAKELIN KARINA CARRANZA**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT, ANJU KATHURIA and BOBBY KATHURIA, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at Plaintiffs' employment at

1

NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT located at 154 7th St. Garden City, NY 11530.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff CESAR PORTILLO residing at Hicksville, NY 11801 was employed by Defendants at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT from in or around September 2019 until in or around January 2020 and from in or around March 2020 until in or around June 2023.

9. Plaintiff NORMA LORENA SAGASTUME residing at Hempstead, NY 11550 was employed by Defendants at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT from in or around January 2007 until in or around June 2023.

10. Plaintiff ROMEO UMANA residing at Hempstead, NY 11550 was employed by Defendants at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT from in or around January 2012 until in or around March 2021.

11. Plaintiff YAKELIN KARINA CARRANZA residing at West Hempstead, NY 11552 was employed by Defendants at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT from in or around July 2021 until present.

12. Upon information and belief, Defendant, NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT, is a corporation organized under the laws of New York with a principal executive office located at 154 7th St. Garden City, NY 10465.

13. Upon information and belief, Defendant, NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT is a corporation authorized to do business under the laws of New York.

14. During all relevant times herein, Defendants ANJU KATHURIA and BOBBY KATHURIA own and operate together NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT.

15. During all relevant times herein, Defendants ANJU KATHURIA and BOBBY KATHURIA are agents of NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT.

16. During all relevant times herein, Defendants ANJU KATHURIA and BOBBY KATHURIA are responsible for overseeing the daily operations of NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT.

17. During all relevant times herein, Defendants ANJU KATHURIA and BOBBY KATHURIA have power and authority over personnel decisions at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT.

18. During all relevant times herein, Defendants ANJU KATHURIA and BOBBY KATHURIA have power and authority over payroll decisions at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT.

19. During all relevant times herein, Defendants ANJU KATHURIA and BOBBY KATHURIA have the power and authority to hire and fire employees NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT, establish and pay their wages, set their work schedule, and maintains their employment records, including the Plaintiffs.

20. During all relevant times herein, Defendants ANJU KATHURIA and BOB KATHURIA were Plaintiffs' employers within the meaning of the FLSA and NYLL.

21. On information and belief, NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production

of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

22. At the time of the filing of this complaint, the relevant statutory period pursuant to the NYLL and FLSA 6-year and 3-year statutes of limitations, commenced in August 2017 ("Relevant Statutory Period").

## FACTUAL ALLEGATIONS
## CESAR PORTILLO

23. Plaintiff CESAR PORTILLO has been employed by Defendants at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT as a delivery person, kitchen worker, and cook while performing manual labor and other miscellaneous duties, from in or around September 2019 until in or around January 2020 and from in or around March 2020 until in or around June 2023.

24. Plaintiff has regularly worked five (5) days per week during his employment with the Defendants.

25. Plaintiff CESAR PORTILLO has regularly worked a schedule of shifts beginning at approximately 6:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, 3 days per week and from 8:00 a.m. each workday and regularly ending at approximately 3:00 p.m. or later, 2 days per week, from in or around September 2019 until in or around January 2020 and from in or around March 2020 until present.

26. Thus, Plaintiff has been regularly required to work for forty-two-and-a-half (42.5) hours, or more hours, each week (or 85 hours per bi-weekly period) from in or around September 2019 until in or around January 2020 and from in or around March 2020 until present.

27. Plaintiff CESAR PORTILLO has been paid by Defendants hourly rates of approximately:
    i. $16.00 per hour for up to his first 80 hours of work every bi-weekly period from in or around September 2019 until in or around December 2019;

  ii. $15.50 per hour for up to his first 80 hours of work every bi-weekly period from in or around January 2020 until in or around December 2021;

  iii. $16.00 per hour for his first 80 hours of work from in or around January 2022 until in or around December 2022; and

  iv. $17.00 per hour for his first 80 hours of work from in or around January 2023 until in or around June 2023.

28. Plaintiff CESAR PORTILLO did not receive any additional compensation for all his hours worked in excess of 80 hours per bi-weekly period.

29. Furthermore, CESAR PORTILLO was frequently paid for fewer than 80 hours per bi-weekly period and was not compensated at all for approximately 10 to 20 regular hours of work per week in addition to his unpaid overtime work.

30. Although Plaintiff CESAR PORTILLO has worked approximately forty-two-and-a-half (42.5) hours, or more hours, each week (or 85 hours per bi-weekly period) from in or around September 2019 until in or around January 2020 and from in or around March 2020 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Additionally, Defendants have paid Plaintiff CESAR PORTILLO on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

### NORMA LORENA SAGASTUME

32. Plaintiff NORMA LORENA SAGASTUME was employed by Defendants at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT as a cook, cashier, waitress, and cleaner while performing manual labor other miscellaneous duties from in or around January 2007 until in or around June 2023.

33. During the relevant statutory period, Plaintiff regularly worked six (6) days per week.

34. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. each workday and regularly ending at approximately 6:00 p.m. or later, 6 days per week, from in or around July 2017 until in or around December 2021; and from 7:00 a.m. each workday and regularly ending at

approximately 2:00 p.m. or later, 6 days per week, from in or around January 2022 until in or around June 2023.

35. Thus, Plaintiff was regularly required to work approximately sixty-six (66) hours or more hours, from in or around July 2017 until in or around December 2021 and approximately forty-two (42) hours or more hours each week from in or around January 2022 until in or around June 2023.

36. During the relevant statutory period, Plaintiff NORMA LORENA SAGASTUME was paid by Defendants flat hourly rates of approximately:

   v.   $13.00 per hour for all hours worked from in or around July 2017 until in or around December 2019;

   vi.  $14.00 per hour for all hours worked from in or around January 2020 until in or around December 2020;

   vii. $16.50 per hour for all hours worked from in or around January 2021 until in or around December 2021; and

   viii. $19.00 per hour for all hours worked from in or around January 2022 until June 2023.

37. Plaintiff NORMA LORENA SAGASTUME was compensated in a combination of check and cash each week.

38. Defendants failed to pay Plaintiff NORMA LORENA SAGASTUME the legally prescribed minimum wage for all her hours worked from in or around January 2019 until in or around December 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

39. Although Plaintiff NORMA LORENA SAGASTUME worked approximately sixty-six (66) hours from in or around July 2017 until in or around December 2021 and approximately forty-two (42) hours or more hours each week from in or around January 2022 until in or around June 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Additionally, Plaintiff NORMA LORENA SAGASTUME worked more than 10 hours per day, approximately six (6) days per week from in or around July 2017 until in or around December 2021, Defendants did not pay Plaintiff an extra hour at the legally

prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

41. Further, Defendants paid Plaintiff NORMA LORENA SAGASTUME on a bi-weekly basis, failing to timely pay Plaintiff for her first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

### ROMEO UMANA

42. Plaintiff ROMEO UMANA was employed by Defendants at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT as a cook while performing manual labor and other miscellaneous duties from in or around January 2012 until in or around March 2021.

43. During the relevant statutory period, Plaintiff regularly worked six (6) days per week.

44. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at or around 7:00 a.m. each workday and regularly ending at approximately 8:00 p.m. or later, four (4) days per week, and from 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m., or later two (2) days per week.

45. Thus, Plaintiff was regularly required to work approximately seventy-two (72) hours or more hours each week during the relevant statutory period.

46. During the relevant statutory period, Plaintiff ROMEO UMANA was paid by Defendants a flat hourly rate of approximately $21.00 per hour for all hours worked from in or around July 2017 until in or around December 2020 and approximately $20.00 per hour for all hours worked from in or around January 2021 until in or around March 2021.

47. Plaintiff ROMEO UMANA was compensated in a combination of check and cash each week.

48. Although Plaintiff ROMEO UMANA worked approximately seventy-two (72) hours or more hours per week during the relevant statutory period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

49. Additionally, Plaintiff ROMEO UMANA worked more than 10 hours per day, approximately four (4) days per week from in or around July 2017 until in or around

March 2021, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL

50. Further, Defendants paid Plaintiff ROMEO UMANA on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

## YAKELIN KARINA CARRANZA

51. Plaintiff YAKELIN KARINA CARRANZA has been employed by Defendants at NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT a cook, food preparer and waitress while performing manual labor and other miscellaneous duties from in or around July 2021 until present.

52. Plaintiff has regularly worked six (6) days per week during her employment with the Defendants.

53. Plaintiff YAKELIN KARINA CARRANZA has regularly worked a schedule of shifts:
    i. beginning at approximately 11:30 a.m. each workday and regularly ending at approximately 8:00 p.m. or later, 6 days per week from in or around July 2021 until in or around December 2021;
    ii. beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, 6 days per week from in or around January 2022 until in or around December 2022; and
    iii. beginning at approximately 6:30 a.m. each workday and regularly ending at approximately 2:00 p.m. or later, 6 days per week from in or around January 2023 until present.

54. Thus, Plaintiff has been regularly required to work approximately fifty-one (51) hours, or more hours each week from in or around July 2021 until in or around December 2022 and approximately forty-five (45) hours or more hours each week from in or around January 2023 until present.

55. Plaintiff YAKELIN KARINA CARRANZA was paid by Defendants a flat hourly rate of approximately $15.00 per hour for all hours worked from in or around July 2021

until in or around December 2021; and approximately $18.50 per hour for all hours worked from in or around January 2022 until present.

56. Plaintiff YAKELIN KARINA CARRANZA was compensated in a combination of check and cash each week.

57. Although Plaintiff YAKELIN KARINA CARRANZA worked approximately fifty-one (51) hours, or more hours each week from in or around July 2021 until in or around December 2022 and approximately forty-five (45) hours or more hours each week from in or around January 2023 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

58. Further, Defendants paid Plaintiff YAKELIN KARINA CARRANZA on a bi-weekly basis, failing to timely pay Plaintiff for her first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

60. Collective Class: All persons who are or have been employed by the Defendants as delivery persons, cooks, cashiers, waiters, cleaners, food preparers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

61. Upon information and belief, Defendants employed between 25 to 50 employees within the past three years subjected to similar payment structures.

62. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

63. Defendants' unlawful conduct has been widespread, repeated, and consistent.

64. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

65. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

66. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

67. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

68. The claims of Plaintiffs are typical of the claims of the putative class.

69. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

70. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

71. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

72. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

73. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

74. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

10

75. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

76. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

77. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

80. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

81. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

82. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

83. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.
84. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.
85. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.
86. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.
87. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
88. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
90. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4
91. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

92. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

12

93. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

94. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

95. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

96. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

97. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

98. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

99. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

100. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

101. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid minimum wages;

d. Awarding Plaintiffs' unpaid spread of hours compensation;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;

g. Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 9, 2023.

    Kew Gardens, New York.

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CESAR PORTILLO, NORMA LORENA SAGASTUME, ROMEO UMANA, and YAKELIN KARINA CARRANZA, individually and on behalf of all others similarly situated,

                              Plaintiffs,

    -against-

NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT, ANJU KATHURIA and BOBBY KATHURIA, as individuals,
                              Defendants.
.

## COLLECTIVE ACTION COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
    Attorneys for Plaintiffs
    80-02 Kew Gardens Road, Suite 601
    Kew Gardens, NY 11415
    Phone (718) 263-9591
    Fax (718) 263-9598

**To:**

Service via Secretary of State:
**NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT (DOS ID: 1042404)**
154 7th St., Garden City, NY 11530

Via Personal Service:
**NOONANJU INCORPORATED d/b/a FOOD FOR THOUGHT**
154 7th St., Garden City, NY 11530

**ANJU KATHURIA**
154 7th St., Garden City, NY 11530

**BOBBY KATHURIA**
154 7th St., Garden City, NY 11530